IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICKY ABBOTT,**

    **Plaintiff,**

**v.**                 //          CIVIL ACTION NO. 1:12CV176
                                                 (Judge Keeley)

**WILLIAM YURCINA, Administrator,**
Ohio County Correctional Center;
**DR. HAHN, PrimeCare Medical, Inc.,**
Ohio County Correctional center;
**DEBBIE MINNIX, Warden, Pruntytown**
Correctional Center; **DR. JOHN DOE,**
Pruntytown Correctional Center;
**MARVIN C. PLUMLEY, Warden,**
Huttonsville Correctional Center;
**DR. PROCTOR, Huttonsville Correctional**
Center; and **TRISTAN TENNEY, Medical Director**
Huttonsville Correctional Center,

    **Defendants.**

### ORDER ADOPTING REPORT AND RECOMMENDATION

On December 11, 2012, the pro se plaintiff, Ricky Abbott ("Abbott"), filed a complaint pursuant to 42 U.S.C. § 1983 alleging that he had received inadequate medical care while an inmate of the West Virginia Department of Corrections. (Dkt. No. 1). Abbott also moved for leave to proceed in forma pauperis ("IFP") (dkt. no. 2) and to be appointed counsel. (Dkt. No. 4). That same day, the Court issued a Notice of General Guidelines for Appearing Pro Se in Federal Court (dkt. no. 5), to Abbott in which it advised Abbott that he must "[k]eep the Court and opposing counsel . . . advised of your most current address **at all times.** Failure to do so may result in your action being dismissed without prejudice." (emphasis in original). The Court also issued to Abbott a Notice

of Deficient Pleading. (Dkt. No. 6). The Court then referred this matter to United States Magistrate Judge James E. Seibert for initial screening and a report and recommendation ("R&R") in accordance with LR PL P 2. On December 13, 2012, the Court denied Abbott's Motion for Appointment of Counsel. (Dkt. No. 7).

On December 27, 2013, Abbott filed the court-approved form for § 1983 claims, and also moved the Court to accept his original complaint as an amended complaint. (Dkt. No. 12). The Court denied that motion, but construed his original complaint as a memorandum in support of the court-approved § 1983 form. (Dkt. No. 16). In addition, after receipt of the court-approved form (dkt. no. 13), the Court granted Abbott's leave to proceed IFP. (Dkt. No. 15).

On April 1, 2013, the defendants, Dr. Proctor ("Proctor") and Tristan Tenney ("Tenney"), moved to dismiss Abbott's complaint. (Dkt. No. 36). Seven days later, the defendant, Dr. Hahn ("Hahn"), filed a Motion to Dismiss Complaint and Alternative Motion for Summary Judgment. (Dkt. No. 38). On April 9, 2013, the defendants, Debbie Minnix ("Minnix"), William Yurcina ("Yurcina"), and Marvin C. Plumley ("Plumley"), also moved to dismiss Abbott's complaint. (Dkt. No. 40).[1] By certified mail, return receipt requested, the

---

[1] The Court notes that, although Proctor, Tenney, Minnix, Yurcina, and Plumley filed motions to dismiss (dkt. no. 36, 40), they filed matters "outside the pleadings" with those motions. Fed. R. Civ. P. 12(d). Accordingly, Judge Seibert treated those filings as motions for summary judgment pursuant to Fed. R. Civ. Pro. 56. Nevertheless, as the Roseboro

Court issued a Roseboro notice to Abbott as to each motion to dismiss, notifying him of his right to respond and to alert him to the fact that his failure to respond could result in the entry of a dismissal order against him. (Dkt. Nos. 42, 43, 44). All of these Roseboro notices, however, were returned as undeliverable (dkt. nos. 50, 51, 52) as was an earlier entered Order to Answer. (Dkt. No. 49).[2] Consequently, on August 7, 2013, Magistrate Judge Seibert issued an R&R in which he recommended that the Court grant the defendants' motions and dismiss Abbott's complaint with prejudice. (Dkt. No. 53).

The R&R also specifically warned Abbott that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on this issue. The parties did not file any objections.[3] The failure to object to the Report

---

notices issued to Abbott following the filing of those motions instructed him to respond to a motion to dismiss, Fed. R. Civ. P. 12(b)(6), and did not inform him that the pending motions could result in a complete dismissal of his claims with prejudice, the Court declines to adopt the magistrate judge's recommendation to dismiss Abbott's claims against Tenney, Minnix, Yurcina, and Plumley with prejudice.

Further, while Dr. Hahn styled his motion as one for summary judgment (albeit in the alternative), the Roseboro notice issued to Abbott did not inform him of his burden at summary judgment. Again, because Abbott was not notified that failure to respond to Dr. Hahn's motion could result in the dismissal of his claims with prejudice, the Court declines to adopt the magistrate judge's recommendation to do so.

[2]   Abbott was paroled from Huttonsville Correctional Center on March 1, 2013. (Dkt. No. 38-1 at 9).

[3]   The Court notes that the R&R, which was transmitted to Abbott's last known address by certified mail, return receipt requested, was returned as undeliverable. (Dkt. No. 54). The Court has attempted to communicate

and Recommendation not only waives any appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See <u>Thomas v. Arn</u>, 474 U.S. 140, 148-153 (1985); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 199-200 (4th Cir. 1997).

In conclusion, finding no clear error and for the reasons discussed, the Court **ADOPTS IN PART** the Report and Recommendation (dkt. no. 53), **GRANTS** the motions to dismiss of the defendants (dkt. nos. 36, 38, and 40), and **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the <u>pro se</u> petitioner, certified mail, return receipt requested.

Dated: September 9, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

with Abbott numerous times since his parole from the Huttonsville Correctional Center on March 1, 2013. (Dkt. No. 38-1 at 9). Those attempts have been unsuccessful. As was made clear to Abbott in the Notice of General Guidelines for Appearing Pro Se in Federal Court, Abbott is responsible for keeping the Court apprised at all time of his current address. See (Dkt. No. 5).